UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL ANN RIVETTE,

    Plaintiff,

v.                                                  Case No. 13-10177
                                                    Hon. Lawrence P. Zatkoff
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

### OPINION AND ORDER DENYING
### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

       This matter comes before the Court on the parties' cross motions for summary judgment with respect to Defendant's decision to deny Plaintiff's application for Social Security disability benefits. The Court is also in receipt of Magistrate Judge Mona K. Majzoub's Report and Recommendation, wherein the Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment be denied and Defendant's Motion for Summary Judgment be granted. Plaintiff has filed objections to the Report and Recommendation.

       After a thorough *de novo* review of the court file, the Report and Recommendation, and Plaintiff's objections, this Court will not adopt the Report and Recommendation and instead remands this case to Defendant for further proceedings consistent with this Opinion. The Court also briefly addresses Plaintiff's objections.

       Plaintiff argues that the ALJ—while adopting most of the restrictions suggested by Plaintiff's treating physician, Dr. O'Brien—failed to state or explain why she rejected Dr. O'Brien's restrictions that

Plaintiff (1) is limited to working 20 hour per week and (2) needs unscheduled work breaks due to pain. The Court construes this argument as one challenging the "treating source" rule as it relates to Dr. O'Brien.

The Sixth Circuit has explained that under the treating physician rule, an ALJ must give "controlling weight" to a medical opinion of a claimant's treating physician, "as long as it 'is well-supported by medically acceptable . . . diagnostic techniques' and 'not inconsistent with the other substantial evidence' in the record." *Sawdy v. Comm'r of Soc. Sec.*, 436 F. App'x 551, 553 (6th Cir. 2011) (quoting 20 C.F.R. § 404.1527(d)(2)). If the ALJ determines not to afford the treating physician's opinion controlling weight, "the rule still requires the ALJ to fully consider it in accordance with certain factors." *Id.* These factors are set forth in 20 C.F.R. § 404.1527(d)(2)-(6) as the following nonexhaustive list: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Wilson v. Comm'r of Soc. Sec.*, 378 F3d 541, 544 (6th Cir. 2004). Further,

> [t]he ALJ's decision as to how much weight to accord a medical opinion must be accompanied by "good reasons" that are "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *5. This procedural "good reason" rule serves both to ensure adequacy of review and to permit the claimant to understand the disposition of his case. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

*Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550–51 (6th Cir. 2010).

In rejecting Dr. O'Brien's records that reveal Plaintiff could work only 20 hours per week, the ALJ's reasoning was only that "the undersigned (*i.e.*, the ALJ) accords some weight to Dr. O'Brien's assessment of the need of a sit and stand option, but weight is reduced, as the medical evidence of record

does not support Dr. O'Brien's opinion that [Plaintiff] was unable to work more than 20 hours a week." The ALJ also concluded that the "most recent assessments of Dr. O'Brien"—which included Plaintiff's apparent need for unscheduled breaks while working—were entitled to "little weight, as these assessments are inconsistent with the medical evidence of record and [Plaintiff's] testimony at the hearing." The Magistrate Judge noted that the ALJ did not explicitly employ the factors from § 1527 but nevertheless concluded—rather conclusively—that the ALJ provided "good reasons" for affording less than controlling weight to Dr. O'Brien's medical opinions.

Here, the Court finds that the ALJ committed error with respect to her treatment of Dr. O'Brien's opinions. The Court disagrees with the Magistrate Judge that the ALJ's single-sentence explanations why she discounts Dr. O'Brien's opinions are "good reasons." The ALJ decision is far from "sufficiently specific" when rejecting Dr. O'Brien's assessments and it certainly fails to identify the underpinnings of the ALJ's rationale and how her rationale affected the weight afforded to Dr. O'Brien's medical notes. Accordingly, the Court concludes that remand is appropriate.

For the reasons stated above, the Court: (1) grants Plaintiff's objections to the Report and Recommendation; (2) grants Plaintiff's Motion for Summary Judgment [dkt 10] to the extent that Plaintiff seeks a remand to Defendant for further proceedings; (3) denies Defendant's Motion for Summary Judgment [dkt 14]; and (4) rejects the Magistrate Judge's Report and Recommendation [dkt 17].

It is further ordered that this case is remanded to Defendant pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

Date:  February 21, 2014

s/Lawrence P. Zatkoff
Hon. Lawrence P. Zatkoff
U.S. District Judge

3